IDA E. GARRISON ET AL. v. R. WILLIAMS ET AL.

(Filed 22 May, 1912.)

1. **Issues Sufficient.**

The issues in this case held sufficient.

2. **State's Lands — Grants — Vacant and Unappropriated—Previous Grants.**

When upon competent evidence, and under proper instructions, the jury have found, in their answers to the issues, that the defendant's grants to lands, claimed by plaintiff also under grants from the State, covered the *locus in quo* at the time of plaintiff's entry, the lands at that time were not vacant and

unappropriated, and plaintiff cannot recover them. Instructions in this case held correct, under *Bowen v. Lumber Co.*, 153 N. C., 368.

**3. State's Lands — Grants — Boundaries — Instructions — Harmless Error.**

> As the lands described in the grant in dispute were found by the jury to have previously been granted by the State to the defendant: *Held*, an instruction, if erroneous, was harmless, as to the running of one of plaintiff's lines with the county line.

APPEAL from *Webb, J.*, at December Term, 1911, of BURKE.

Civil action. The court submitted to the jury the following issues, fifteen in number:

1. Did Ida E. Garrison enter the lands in controversy on 14 January and 10 March, 1902? Answer: Yes.

2. Did the defendant Williams enter the same lands on 6 January and 10 March, 1902? Answer: Yes.

3. Was the notice of the entries made by Ida E. Garrison posted as the law directs at the time said entries were made, or within a short time thereafter? Answer: Yes.

4. Was the protest entered by Williams filed within ten days after the aforesaid notice of the Garrison entries were posted? Answer: No.

5. Are the lands in dispute covered by the grants of the plaintiff? Answer: Yes.

6. Were the lands claimed by the plaintiff and covered by her grant, No. 16532, vacant and unappropriated lands of the State of North Carolina at the time plaintiff made her entry of the same? Answer: No.

7. Were the lands claimed by the plaintiff and covered by her grant, No. 16533, vacant and unappropriated lands of the State of North Carolina at the time the plaintiff made her entry of the same? Answer: No.

8. Were the lands claimed by the plaintiff and covered by her grant, No. 16534, vacant and unappropriated lands of the State of North Carolina at the time plaintiff made her entry of the same? Answer: No.

9. Did the defendant Williams, with notice of the said entries of Ida E. Garrison, obtain his grant for said land and thereafter convey said lands to the defendant R. F. Whitmer? Answer: Yes.

10. Did the defendant Whitmer take title to the lands described in the complaint with notice of the alleged equity of the plaintiff? Answer: No.

11. Did the defendant Table Rock Lumber Company take title to the land conveyed to it by Whitmer on 24 February, 1906, with notice of the alleged equity of the plaintiff? Answer: No.

12. Did the Table Rock Lumber Company convey said land to the Empire Trust Company by deed of 1 March, 1906, after this suit was begun, in order to secure a proposed issue of bonds, and was said land afterwards by deed reconveyed by the Empire Trust Company to the Table Rock Lumber Company on the ...... day of .........., 1906? Answer: Yes.

13. If any bonds were issued under and pursuant to the said deed of trust to the Empire Trust Company, were they paid by the Table Rock Lumber Company prior to or at the time of said reconveyance? Answer: At time of reconveyance.

14. Did the plaintiff request, in good faith, the entry-taker to issue to her her warrants of survey on her entries a day or two after the protest was filed by Williams? Answer: No.

15. Did the entry-taker refuse to issue the warrants of survey to the plaintiff for the reason that the protest had been filed by Williams? Answer: Yes.

The court rendered judgment that the defendants go without day and recover their costs. The plaintiffs appealed.

*John M. Mull and S. J. Ervin for the plaintiffs.*
*J. F. Spainhour and Avery & Ervin for the defendant.*

PER CURIAM. This action was brought by the plaintiff for the purpose of having the defendants declared trustees for the plaintiff of certain tracts of land described in the amended complaint, the plaintiff claiming that in August, 1900, she duly entered the said land in the county of Burke, and that in 1902 the defendant Richard Williams entered the same land, and that his rights, if he had any, have passed to his codefendants with notice of the plaintiff's entries.

At a former trial the case was appealed to this Court and heard upon a demurrer to the complaint. The cause was remanded for a new trial.

There are fifteen assignments of error set out in the record, which in the view we take of the case need not all be considered. The plaintiff tendered two issues which were refused by the court, and, as we think, properly so. The issues submitted covered every phase of the case, and presented every point of contention between the parties.

The claim of the plaintiff is founded upon three grants, which are made the subjects of the 6th, 7th, and 8th issues, as follows:

6. Were the lands claimed by plaintiff and covered by her grant, No. 16532, vacant and unappropriated lands of the State of North Carolina at the time plaintiff made her entry of the same? Answer: No.

7. Were the lands claimed by plaintiff and covered by her grant, No. 16533, vacant and unappropriated lands of the State of North Carolina at the time plaintiff made her entry of the same? Answer: No.

8. Were the lands claimed by plaintiff and covered by her grant, No. 16534, vacant and unappropriated lands of the State of North Carolina at the time plaintiff made her entry of the same? Answer: No.

One of the essentials to a valid entry under the statute is that the lands should have been vacant and unappropriated at the time of the entry. As the jury have found that the lands were not vacant at the time of the plaintiff's entry, but were covered by the Avery & Tate grants, that of necessity terminates the plaintiff's case, unless there was some error made in the trial of these particular issues.

We find that there is abundant evidence in the record to sustain the findings of the jury. In instructing the jury as to the manner in which grants and deeds should be located, his Honor followed precisely the rules laid down by *Mr. Justice Hoke* in *Bowen v. Lumber Co.,* 153 N. C., 368. The charge of the court is clear and pertinent to these issues, and we find no error in it.

It is not clear to us that the plaintiff was prejudiced by instructions of the court to the jury as to running one of the lines of Grant 6556 to J. C. Tate with the county line, inas-

much as the jury have found that all of the land covered by the plaintiff's grants had been previously granted to Tate and Avery.

We think it unnecessary to discuss any further assignments of error in this case. The law of the case was settled and well stated in the opinion of *Mr. Justice Walker,* and seems to have been followed carefully by his Honor on this trial.

Upon a review of the record, we find no substantial error which we think would warrant us in ordering another trial.

No error.